UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSE COURT, LLC,<br><br>   Plaintiff,<br><br>  v.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>   Defendant. | Case No. 20-cv-06213-JD<br><br>**MEMORANDUM DISPOSITION** |

  Rose Court, LLC, appeals from the bankruptcy court's order granting a motion to dismiss the first amended complaint (FAC) and denying leave to amend. A.R. 408-13. The Court has jurisdiction pursuant to 28 U.S.C. § 158(a). The parties' familiarity with the record is assumed, and the order is affirmed.

  The dismissal of the FAC under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *In re Turner*, 859 F.3d 1145, 1148 (9th Cir. 2017). The bankruptcy court properly evaluated the plausibility of the FAC in light of the transcript of the auction, which was attached as an exhibit to the FAC, and incorporated by reference. A.R. 15-22; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). On that basis, the bankruptcy court did not err in finding the sale was completed "as of 8 a.m. on the actual date of the sale" under Cal. Civ. Code § 2924h, and that the sale was entitled to a conclusive presumption of regularity. *See Biancalana v. T.D. Service Co.*, 56 Cal. 4th 807, 814 (2013). The auctioneer expressly stated that "the bidding is closed" after calling for bids three times. A.R. 17. Any statements about a postponement made after the sale was completed had no legal effect. *See* Cal. Civ. Code § 2924g(c)(1) (postponement announcement may be made "at any time prior to the completion of the sale."); *Melendrez v. D & I Inv., Inc.*, 127 Cal. App. 4th 1238, 1250 (2005) (a "properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender.") (cleaned up).

  The bankruptcy court's decision to deny leave to amend is reviewed for abuse of discretion, and the Court considers de novo "whether the complaint is susceptible to amendment."

*In re Turner*, 859 F.3d at 1148.  Rose Court voluntarily dismissed two prior cases -- one in December 2019 (in state court) and one in January 2020 (in federal court) -- with the second dismissal operating as an adjudication on the merits under Federal Rule of Civil Procedure 41(a)(1)(B).  *See Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1075 (9th Cir. 1999).  The relevant inquiry is not whether the claims identified in the various complaints are exactly the same, but whether the lawsuits arise from the "same transactional nucleus of facts" such that the claims pleaded are "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001).  The prior cases involved foreclosure issues for the same real property on Quito Road, the same potential injury to Rose Court, and the same claims of promissory note fraud by defendant-appellees, as alleged in this action.  Consequently, the bankruptcy court did not abuse its discretion in denying further amendment in light of Rule 41(a)(1)(B).

**AFFIRMED.**

Dated:  September 27, 2021

JAMES DONATO
United States District Judge